UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 21-6304-VBF (JPR)**                                                    Date: **October 13, 2021**
Title:  **Girard Flynn v. District Attorney of Compton Courthouse et al.**
=================================================================
**DOCKET ENTRY: Order to Show Cause Why This Action Should Not Be Dismissed**
=================================================================
PRESENT:

HON. **JEAN P. ROSENBLUTH**, U.S. MAGISTRATE JUDGE

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                                  None present

**PROCEEDINGS: (IN CHAMBERS)**

Plaintiff, a state inmate proceeding pro se, filed a civil-rights action[1] in the Eastern District of California on March 23, 2021, and was granted leave to proceed in forma pauperis. On August 4, 2021, the Eastern District transferred it here. He seeks money damages, among other relief. (See Compl. at 4.)

In 2012, Plaintiff was convicted and sentenced to 25 years to life in state prison for killing his brother. (See id. at 7); People v. Flynn, No. B243277, 2013 WL 6835081, at *4 (Cal. Ct. App. Dec. 27, 2013). This Court denied the habeas petition he brought challenging that conviction, see Flynn v. Asuncion, No. 2:15-cv-3283-

---

[1] Although he has used a blank civil-rights-complaint form, Plaintiff purports to bring this action under 28 U.S.C. § 2254. (See Compl. at 1 (the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) If that is what he intended, he should have used a blank habeas-petition form. See Riches v. Cristobal, Civil No. 08-6166-PA., 2008 WL 3411669, at *1 (D. Or. Aug. 7, 2008) ("Section 2254 is reserved for challenges to state court judgments, and is therefore not the proper vehicle by which to raise a civil rights violation."). For purposes of this Order, the Court construes the Complaint as bringing claims under 42 U.S.C. § 1983.

MINUTES FORM 11                                                                               Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     CV 21-6304-VBF (JPR)                                           October 13, 2021
<u>Girard Flynn v. District Attorney of Compton Courthouse et al.</u>         Page 2

------------------------------------------------------------

VBF (JCG) (C.D. Cal. filed May 1, 2015), and he apparently remains incarcerated on it.

In this lawsuit, Plaintiff alleges that years earlier — in 2006 and again in 2007 — the "DA of Compton Courts" and apparently a judge violated his 14th Amendment rights by falsely imprisoning him. (Compl. at 3; <u>see id.</u> at 2, 6, 8-9.) He alleges that he was "in jail" in 2006 for 10 months on a three-year sentence and that "a lawyer sa[id]" that he was "falsely i[m]prison[ed] and he got [him] out." (<u>Id.</u> at 3.) Documents attached to the Complaint, however, suggest that he was incarcerated for only four months. (<u>See id.</u> at 8.) In 2007, he was imprisoned "for the same thing" for "3 or 4" months and was released "because they kn[e]w they did it again." (<u>Id.</u> at 3.) He "tr[i]ed to sue" in 2006 — apparently over his alleged false imprisonment — but doesn't "know what happen[ed]." (<u>Id.</u> at 3.) His "C-file"[2] reflects that he is a "multi prison termer" (<u>id.</u> at 3), and he wants that information deleted (<u>see id.</u> at 4, 6).

In April 2007, Plaintiff, represented by counsel, sued the State of California, Los Angeles County, and L.A. County Superior Court Judge Ronald Skyers for false imprisonment based on his 2006 imprisonment. <u>See</u> Compl. at 15-20, <u>Flynn v. Ross</u>, TC020618, Super. Ct., Cnty. of L.A. (filed Apr. 30, 2007).[3] He brought other claims based on that imprisonment against the district attorney who prosecuted him. <u>See, e.g.</u>, <u>id.</u> at 8-12, 14-15. He claimed that the defendants improperly imprisoned him in

---

[2] "A C-file is the central or main file for an inmate serving time in a state prison." <u>Dunaway v. Cal. Dep't of Corr. & Rehab.</u>, No. 1:14-cv-1718-BAM., 2015 WL 3992554, at *1 (E.D. Cal. June 30, 2015). A "multitermer" is apparently an inmate who has served multiple prison terms. (<u>See</u> Compl. at 10.)

[3] The Court takes judicial notice of the complaint and requests for dismissal from this state-court action and attaches them here in an appendix. <u>See</u> <u>Harris v. Cnty. of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that court may take judicial notice of and consider "documents on file in federal or state courts").

MINUTES FORM 11                                                Initials of Deputy Clerk : bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.      CV 21-6304-VBF (JPR)                                          October 13, 2021
              Girard Flynn v. District Attorney of Compton Courthouse et al.        Page 3

---

January 2006 for several months after a jury convicted him of possessing a controlled substance. See id. at 4, 6, 15-19. Under California Penal Code § 1210.1,[4] he argued, he should have received probation, not prison time. See id. at 15-19. His sentence was eventually recalled and he was placed on probation. See id. at 6-7. But by imprisoning him with no "statute authoriz[ing] such confinement," he claimed, the defendants falsely imprisoned him and violated his constitutional rights. Id. at 19; see id. at 15-20. In November 2007, he requested that the state court dismiss his claims with prejudice, which it did. See Reqs. Dismissal, Flynn, TC020618, Super. Ct., Cnty. of L.A.

Federal courts must "give state court judgments the preclusive effects they would be given by another court of that state." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984)). "For purposes of res judicata, a voluntary dismissal with prejudice is considered a final judgment on the merits." Reyes v. Kaiser Permanente, No. 2:18-cv-622-TLN-EFB PS, 2018 WL 4732152, at *4 (E.D. Cal. Oct. 2, 2018), accepted by 2018 WL 10716542 (E.D. Cal. Nov. 30, 2018), aff'd, 782 F. App'x 605 (9th Cir. 2019); see also Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 804 (2010) (noting that for claim-preclusion purposes, voluntary dismissal "with prejudice" is "final judgment on the merits").

Under California law, claim preclusion arises if a second suit involves "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015). If established, claim preclusion bars relitigation of the claim altogether. See id. Courts assess whether the later suit involves the same "cause of action" by analyzing

---

[4] Section 1210.1 provided that subject to certain exceptions, "any person convicted of a nonviolent drug possession offense shall receive probation." Cal. Penal Code § 1210.1 (2001).

MINUTES FORM 11                                                Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     CV 21-6304-VBF (JPR)                        October 13, 2021
         Girard Flynn v. District Attorney of Compton Courthouse et al.        Page 4

---

"the primary right at stake." San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (citing Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App. 4th 1161, 1170 (2003)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (citing Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)).

     As in his prior state case, Plaintiff alleges here that Defendants falsely imprisoned him in 2006. Both lawsuits allege the same injury and the same wrong committed by the same Defendants. Compare Compl. at 15-20, Flynn, TC020618, Super. Ct., Cnty. of L.A. (claiming that State of California, Los Angeles County, and state judge falsely imprisoned him, violating his right to liberty), with (Compl. at 1-3, 5-6 (state judge and Los Angeles County district attorney falsely imprisoned him, violating his 14th Amendment rights)). Finally, the state court granted his request to voluntarily dismiss those claims with prejudice. See Reqs. Dismissal, Flynn, TC020618, Super. Ct. of Cal., Cnty. of L.A. Thus, claim preclusion appears to bar his 2006 false-imprisonment claims.

     As for his 2007 imprisonment, despite Plaintiff's claims to the contrary, he was not imprisoned "for the same thing" or released "because they kn[e]w they did it again." (Compl. at 3.) Rather, he was imprisoned in 2007 for violating his probation on the drug-possession conviction and then released because he had accrued enough custody credits to satisfy his prison sentence. See Lodged Doc. 1, Clerk's Tr. at 265-66, Flynn, No. 2:15-cv-3283-VBF (JCG);[5] People v. Flynn, No. B188371, 2007

---

     [5] The Court takes judicial notice of this document — a sentencing memorandum from Plaintiff's 2012 murder conviction — which was lodged in his 2015 habeas case. See Harris, 682 F.3d at 1132. The Court has attached this

MINUTES FORM 11                                                       Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     CV 21-6304-VBF (JPR)                                October 13, 2021
             <u>Girard Flynn v. District Attorney of Compton Courthouse et al.</u>        Page 5

------------------------------------------------------------------

WL 1620047, at *1 & nn.2-3 (Cal. Ct. App. June 6, 2007); (<u>see also</u> Compl. at 9).[6]

     Finally, Plaintiff's claim that prison officials have erroneously labeled him a "multitermer" appears to lack merit. (Compl. at 6.) He seems to believe that his 2006 conviction for possessing a controlled substance was vacated. It was not. <u>See Flynn</u>, 2007 WL 1620047, at *1; Lodged Doc. 1, Clerk's Tr. at 265-66, <u>Flynn</u>, No. 2:15-cv-3283-VBF (JCG). And even at the time of that conviction, he apparently already had a prior prison term. <u>See Flynn</u>, 2007 WL 1620047, at *1 (noting that prior-prison-term true finding was struck, apparently not because it wasn't true but because it was not pleaded in information). Thus, he apparently is indeed a multitermer and is not entitled to have that word removed from his prison records.

     No later than 21 days from the date of this Order, Plaintiff must show cause in writing why his lawsuit should not be dismissed because his claims are either barred by claim preclusion or are frivolous.[7] He is warned that if he fails to timely and

---

document in an appendix.

    [6] Indeed, Plaintiff's reimprisonment after he violated his probation may be why he wound up dismissing his earlier lawsuit with prejudice: once he was lawfully reimprisoned and received custody credits for the earlier "false" imprisonment, those claims would likely have become moot.

    [7] Defendants are also likely immune from suit. <u>See</u> <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) ("[T]his Court has consistently adhered to the rule that 'judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.'" (citations omitted) (quoting <u>Sup. Ct. v. Consumers Union</u>, 446 U.S. 719, 734-35 (1980))); <u>Wolfe v. Strankman</u>, 392 F.3d 358, 366 (9th Cir. 2004) (observing that § 1983 immunizes judges from suit for injunctive relief for acts taken in judicial capacity unless declaratory decree was violated or declaratory relief was unavailable); <u>Imbler v. Pachtman</u>, 424 U.S. 409,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     CV 21-6304-VBF (JPR)                                October 13, 2021
     <u>Girard Flynn v. District Attorney of Compton Courthouse et al.</u>         Page 6

------------------------------------------------------------

sufficiently respond to this Order to Show Cause, his lawsuit may be dismissed for that reason as well as those outlined above.

---

431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").